Argued April 1, modified April 20, rehearing denied May 25, 1915.

## TOOMEY v. CASEY.

(147 Pac. 920.  See, also, 72 Or. 290, 142 Pac. 621.)

**Account—Evidence—Cost of Building.**

1.  In an action for an accounting under an agreement to divide the cost of a building erected on premises leased by the parties to the contract, opinion evidence introduced with consent of the parties— defendant's evidence being discarded because he had fraudulently raised receipts for money paid to inflate the cost of the building —considered, and the cost of the building determined.

**Appeal and Error—Review—Action in Lower Court.**

2.  Where, in an action for an accounting under an agreement to divide the cost of erecting a building, an architect was by consent appointed to determine the actual cost of erection, and defendant's motion for an order to allow the introduction of evidence, if appraisement was unsatisfactory, was denied, the court on appeal cannot review the denial of the motion; defendant not appearing at the hearing at which the witness gave his testimony, and no offer being made to introduce other evidence, though the court had no power to make the testimony of the architect final.

From Multnomah: GEORGE N. DAVIS, Judge.

Department 2.   Statement by MR. CHIEF JUSTICE
MOORE.

This is a suit by J. M. Toomey against J. D. Casey
to vacate a settlement of their reciprocal demands and
also to surcharge the plaintiff's account.   It is alleged
in the complaint in effect that, in consideration of the
plaintiff's agreement to erect a building on lots 6 and
7 in block 37 in Couch's Addition to the City of Port-
land, the owners of the premises executed to him a
lease thereof, August 14, 1908, for a term of 25 years,
for which he stipulated to pay a monthly rental; that
soon after the lease was made the plaintiff orally
agreed to convey an undivided one half of the lease-
hold interest to the defendant, who, in consideration
thereof, undertook to become equally bound by all the
terms of the demise, whereupon he entered into joint
possession of the premises with the plaintiff, and on
March 16, 1909, the agreement was reduced to writing,
subscribed by the parties, and duly recorded; that pur-
suant to the terms of the lease the parties hereto
erected on the premises a building, expending in its
construction, equipment, furnishing and in paying
rent, taxes, insurance, etc., $79,742.40, and there re-
mains due on his half thereof $25,344.96; that on
November 11, 1910, the plaintiff and the defendant at-
tempted to settle such indebtedness, but by their
mutual mistake many items of the account were in-
advertently omitted; and that the plaintiff has no
speedy or adequate remedy at law.

The answer denied some of the averments of the
complaint, and for a further defense alleged substan-
tially that the settlement referred to was fairly made
and fully understood by each party, and the plaintiff
ought to be and is estopped thereby.   For a second de-
fense it is averred in effect that on March 1, 1910,

when the building was fully completed, the plaintiff, in consideration of having the use of the entire structure, agreed to pay the defendant as his share of the rent $600 a month, and pursuant to such contract the plaintiff and his tenants occupied the premises until September 14, 1910, whereby there became due the defendant $3,900, which, with the sums of money theretofore paid by him on account of the erection of the building, amounted to $21,800, and he has overpaid his share of the construction and other expenses to the extent of $4,000, which sum he is entitled to recover from the plaintiff.

The reply denied the allegations of new matter in the answer, and, as the issues required the examination of a long and complicated account, the cause was referred. From the testimony taken by the referee the court was unable to determine the original cost of the building, and with the consent of counsel for the respective parties appointed Oscar W. Horne, an architect, to ascertain that fact, and upon his testimony, in connection with other evidence, a finding was made that the entire sum of money expended in the structure was $32,768.39; that the plaintiff had also paid rents, taxes, insurance and laid out for furniture, equipment, etc., the further sum of $13,806.92, aggregating $46,575.31, one half of which sum, or $23,287.65, was chargeable to the defendant, who was entitled to credits on account thereof amounting to $20,460.90, thereby leaving due from him to the plaintiff $2,826.75. A decree having been rendered in accordance with such findings, the defendant appeals.

MODIFIED. REHEARING DENIED.

For appellant there was a brief and an oral argument by *Mr. Leroy Lomax.*

For respondent there was a brief and an oral argument by *Mr. B. G. Skulason.*

Opinion by MR. CHIEF JUSTICE MOORE.

1. The plaintiff evidently intended to compel the defendant to pay, as his half of the expenses claimed to have been incurred, more than the entire cost of the building, equipment, furnishings, etc., for in the original complaint he set forth as items of the account demands for sums of money which, in many instances, were more than twice the amounts that he had paid. As a witness in his own behalf he was examined by his counsel with respect to each item in regular order as set out in the primary pleading, and testified that he had paid the sum of money so stated. In order, apparently, to substantiate such testimony, and in corroboration thereof, he identified and there were received in evidence receipted bills tending to show the payment of sums of money by him, and checks issued to other persons on banks, which had paid and canceled such orders, returning them to him. After his testimony had been given, the further hearing of the cause was postponed for a few days, during which time the defendant's counsel interviewed many of the persons and firms who, or the agents of corporations which, had signed the bills or indorsed the checks mentioned, and in many instances it was found that, after getting possession of these papers, the plaintiff changed them by raising the amounts. His plan of altering receipted bills is illustrated by the claim of Albert J. Capron, who furnished builders' material; the demand therefor, omitting the dates when the goods were severally delivered, being $10.80, to the left of which the figure 3 was written; $7.20, changed to $107.20; $4.40 to $404.40; $178 not altered; and $26.90

changed to $226.90; and the total, $227.30, made to read $1,227.30, thereby raising the amount $1,000.

A check drawn by Toomey on the Portland Trust Company of Oregon, payable to the order of J. H. Bader, for $75, was altered by the plaintiff, after it had been paid and returned to him, by prefixing to the figures "75" the figure "2," and by writing the words "Two Hundred" before the words "Seventy-five and no/100 Dollars," thereby raising the amount $200. From an examination of this check it would seem that in issuing it the plaintiff purposely wrote the words "Seventy-Five" to the right and near the printed word "Dollars," so as to leave space to the left for inserting the words "Two Hundred" or some other phrase when the order was canceled and returned. An inspection of several other checks that were raised exhibits the same manifest peculiarity.

A receipt given to the plaintiff December 12, 1909, by William Vaetz for $15,000.65, for brick furnished for the building and mason work performed thereon, was received in evidence to establish a claim for one half that sum against the defendant, when it was conclusively proved at the trial that such demand, which was set forth in the complaint, comprised charges also set out in that pleading, thereby duplicating the items. It is unnecessary to set forth the substance of any more of these writings which were changed by the plaintiff. As an excuse for their alteration, he testified on rebuttal that in many cases he paid further sums than indicated by the receipts and checks, and in order properly to keep an account of the money thus expended he raised the figures so as to correspond with the cash actually paid out. The trial court disregarded the plaintiff's evidence in every particular, except in those instances in which the testimony of the

original claimant substantiated the validity of the respective demands. In order to determine the cost of the building, it becomes necessary to examine with care opinion evidence as to the expense reasonably incurred in the structure. The architects who prepared the plans and specifications of the building estimated that its original cost was $35,500.

Charles W. Ertz, an architect who was employed by the defendant for that purpose, carefully inspected the building and testified that, without including the entire foundation, a part of which wall originally supported an old structure, the expense incurred in putting up the building was $23,010.40, giving a detailed statement of the cost of many items which composed that total.

J. N. McNeil, another architect, who assisted Ertz in making an examination of the building, corroborates that witness in respect to the cost of the structure, saying that the only items omitted were the calcimining of the rooms, plastering the walls, and plumbing. In referring to the estimate thus made McNeil testified:

"We arrived at those figures just as though we had estimated the building to take the contract. We would have done it on that basis."

Not being satisfied with either of the estimates thus given, the court suggested to counsel the advisability of appointing a disinterested architect to make an independent valuation of the cost of the structure, to which proposition both counsel originally acceded. After Oscar W. Horne had been selected for that purpose, the court was requested to make an order allowing either attorney, if dissatisfied with the appraisement thus to be made, to introduce other evidence upon the subject; but the application was denied. When Mr. Horne had performed the required service, the

court notified counsel for both parties that the architect's testimony would be taken; but defendant's attorney did not attend the hearing, whereupon the witness gave the value as hereinbefore stated.

2. No statute exists in this state authorizing a court, in a case of this kind, to compel a submission of an issue of the value of property to an expert for his determination, or to coerce the parties into an arbitration. Though the order requested was not made, the effect of the court's appointment of Mr. Horne was to open the cause to receive further testimony, and it was incumbent upon defendant's counsel to have cross-examined the architect when called, and if his explanation was disappointing, it was the duty of such attorney to have offered to produce witnesses, giving their names, and to have stated that, if they were permitted to testify, they would contradict the declarations made upon oath by Mr. Horne, and would reduce his estimate as to the cost of the structure. By this means the defendant's counsel could have brought up for consideration the court's refusal to make the requested order, which action he now insists was erroneous.

The estimate made by Mr. Horne is challenged in several particulars, and it is attempted to be indicated by argument that some of the items which go to make up the total cost of the building should not have been included in his appraisement. If the witness had been cross-examined as to these matters, or if other testimony had been offered tending to contradict him, the questions now urged would be less difficult to solve.

The court, considering some other matters hereinafter mentioned that were not embraced in Mr. Horne's estimate, found the original cost of the building to have been $32,768.39. Of this sum the archi-

tect's statement shows the contractor's profit should have been $2,722.23. It appears from the transcript that William Vaetz had general charge of the brick-work, cement and masonry, and that he performed the service, not as a contractor, but as a day laborer. This item must therefore be excluded.

As a part of the cost of the building Mr. Horne estimated the architect's fees for preparing plans and specifications to have been $1,796.67. The receipted bill of Whidden & Lewis for the performance of that service was only $750, and hence a further reduction of $1,046.67 must be made. As a part of the cost of the structure he estimated the salary of a superintendent to have been $800. The transcript shows that N. Lougenbaugh performed that service, for which he was paid only $420, as appears by his receipts which were offered in evidence. A further diminution must be made of $380.

The testimony given by Mr. Horne as to the entire cost of the building did not include heating and plumbing. When his testimony was concluded, the court remarked that since the worth of an excavation on the premises, which cellar was enlarged, and the value of some bricks in an old wall, that was incorporated into the new structure, had not been taken into account in making up the estimate, allowances for these items would be made. As the ultimate cost of the building as found by the court was determined to have been $32,768.39, instead of $31,741.29, the sum estimated by the architect, though the items from which such conclusion is arrived at are not stated, it will be assumed that the value of the plumbing and heating exceeded the worth of the excavation and of the value of the bricks to the extent of the difference between the cost

76 Or.—20

of the structure as found by the court and the estimate as made by Mr. Horne, or $1,027.10.

Deducting from $46,575.31, the entire cost of the building and the sums of money paid out for rent, taxes, insurance, furniture, etc., as found by the court, the sum of $4,148.90 on account of the excess in the estimate as to the contractor's profit, the architect's fees, and the superintendent's salary, there remains as the ultimate expense incurred for the purposes stated $42,426.41, one half of which, or $21,213.20, is properly chargeable to the defendant and on account of which he has paid $20,460.90, as further found by the court, thereby leaving due the plaintiff $752.30.

The decree will therefore be modified, and the plaintiff awarded a recovery against the defendant of the remainder last stated.

MODIFIED. REHEARING DENIED.

MR. JUSTICE BEAN, MR. JUSTICE EAKIN and MR. JUSTICE HARRIS concur.